[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON DEFENDANTS' MOTION FOR SUMMARY JUDGMENT
As noted in a separate opinion in a different suit between these parties, over the years there has been an acrimonious dispute between the plaintiff and the Town of Glastonbury regarding the plaintiff's requests for information and material from town agencies. The town claims the plaintiff's requests are meant to harass and annoy and are often peppered with obscene comments. Mr. Mozzochi styles himself as a defender of his and the public interest against officials bent on violating the Freedom of Information Act. The controversy has now engulfed the attorneys for the town since Mr. Mozzochi has now filed suit against them for vexatious litigation. He argues in his action that a "Request for Declaratory Ruling" before the FOIC filed by the attorneys should be characterized as a vexatious suit entitling him to relief. The defendant attorneys have filed a motion for summary judgment claiming there is no basis for such an action on the basis of undisputed facts and the law.
The four requirements for a vexatious litigation action have been set forth in DeLaurentis v. New Haven, 220 Conn. 225 (1991):
(1) there must be a prior civil action;
(2) there must be no probable cause for the action;
(3) the action must have been brought with malice;
 (4) the prior action must have terminated in the plaintiff's favor.
The Request for Declaratory Ruling filed before the commission meets the requirement of a "prior action" under the broad definition given in DeLaurentis, see 220 Conn. at p. 248, and cases cited in footnote 10 at pp. 248-249. The declaratory ruling sought to limit important civil rights of Mr. Mozzochi — it sought on its face for the town to have the right to not respond to his requests for information. It seemed to suggest the town could secure a prospective ruling authorizing it to determine what requests — perhaps all — were frivolous and/or obscene. It sought civil penalties and such other relief CT Page 10093 as is appropriate. Giving a broad view to this cause of action it is arguable that this request should be called a prior action.
Also on the basis of this record I cannot resolve the interrelated issues of whether there was probable cause to make such a request or whether the request was done with malice. There are clearly disputed factual questions which are not capable of being resolved by means of a motion for summary judgment.
Before turning to a discussion of whether this "prior action" has been terminated, one preliminary matter should be mentioned. One of the attorneys request that the motion be granted in her favor because she did not sign the request nor was she even working for the firm representing the town at the time. Section 674 of the Restatement (Second) Torts, however, says an action for vexatious litigation will lie against one who takes an "active part in the initiation, continuation, or procurement of civil proceedings." Insofar as this attorney represented the town in disputes with Mr. Mozzochi arising after the filing of the request but with respect to later securing relief pursuant to the request and enforcing and defending commission orders resulting from it, then the attorney should not be let out of this suit merely because she didn't initiate the request for action which the commission later took.
My concern with the viability of this suit, at least at the present time, is the fourth DeLaurentis requirement. I do not believe that the "prior action" here can be said to be terminated. Or, perhaps put another way either it could be said the plaintiff does not have standing to bring the suit or allowing the suit to continue would be violative of appropriate appellate remedies.
Here, in response to the Request for Declaratory Relief the commission issued an order called Advisory Opinion 71 in January 1990. After an appeal this order was remanded by the court to the commission for reconsideration. The FOIC then submitted a Revised Advisory Opinion 71 in January 1993 which again ultimately arose out of the request for declaratory relief made by the town. Mr. Mozzochi has appealed from this advisory opinion and the appeal is pending. These facts are undisputed. The proceedings which form the gravamen of the plaintiff's action against these defendants include the request for relief and the commission action which it inspired. As stated in section j of section 674 of the Restatement: "If an appeal is taken, the proceedings are CT Page 10094 not terminated until the final disposition of the appeal and of any further proceedings it may entail." If the town prevails on the appeal how can it be said that the request for declaratory relief was not based on probable cause or was in fact brought with malice. Those matters are at least in part the very subject of the direct appeal of the commission's revised order. There is an appropriate and adequate appellate procedure for the plaintiff to vindicate his rights and try to get this order overturned. If he does succeed then it may or may not mean he has a right to bring a vexatious litigation suit; it seems to me though that that right hasn't yet accrued. The motion for summary judgment is granted.
Corradino, J.